IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NEXT MOVE, INC.,

        Plaintiff,

v.                                                                                    Case No. 24-2197-JWB

RECOVER-CARE COLORADO, LLC, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for summary judgment and memorandum in support. (Docs. 30, 31.) Defendants have failed to file a response to the motion and the time for doing so has now passed.[1] The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.**     **Facts**

The following facts are uncontroverted. On or about October 20, 2021, Defendant Recover-Care Colorado, LLC ("Recover Care") and Plaintiff Next Move, Inc., entered into a Master Agreement for Staffing Services ("MSA") and Leadership Services Agreement (the "contract"). (Doc. 31-1.) Under the terms of the contract, Plaintiff was to provide certain licensed healthcare professionals to work at Recover Care's facilities. These facilities included Defendants Orchard Valley Health and Rehabilitation Center, LLC ("Orchard Valley") and Creekside Village Health and Rehabilitation Center, LLC ("Creekside"). From October 20, 2021 to October 31, 2022, Plaintiff provided services under the contract to Orchard Valley. Plaintiff invoiced for the

---

[1] Plaintiff represents that Defendants do not intend to file a response to the motion based on representations made by Defendants' previous counsel in a hearing before Magistrate Judge James. (Doc. 41 at 2.)

1

work performed under the contract. (Doc. 31-4.) The invoices from October 2021 to August 14, 2022, were timely paid. However, Defendants Recover Care and Orchard Valley have refused to pay the invoices for services under the contract provided between August 15, 2022, and October 31, 2022. (Docs. 31-2 ¶ 9; 31-3 ¶¶ 10, 11; 31-4.) With respect to Creekside, Plaintiff provided services under the contract and submitted invoices for the services from October 20, 2021 to January 29, 2023. (Doc. 31-5.) Those invoices were paid from October 20, 2021 to November 12, 2022. However, Creekside and Recover Care have not paid for the services provided at Creekside from November 13, 2022 to January 29, 2023. (Doc. 31-3 ¶ 9.) Both Creekside and Orchard have confirmed that Plaintiff's clinicians did perform services at the facilities, but the invoices for those services have not been paid. Plaintiff sent Defendants demand letters seeking payments for the outstanding balances on September 22, 2023, and November 16, 2023 (Docs. 31-6, 31-7), but the outstanding balances have still not been paid.

As of June 30, 2025, the unpaid principal balance for services performed at Orchard Valley is $61,695.06 and the balance for services performed at Creekside is $61,801.10. (Doc. 31-3 ¶¶ 12–15.) The contract also provides for interest on unpaid amounts. Plaintiff also seeks attorney's fees which are allowed under the contract. Plaintiff moves for summary judgment on its claims of breach of contract and unjust enrichment.

**II.     Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–

48 (1986). "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015)). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall v. Bellmon*, 935 F.2d 935 F.2d 1106, 1110 (10th Cir. 1991). The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

Although Defendants have failed to respond to the motion, the court must still ensure that Plaintiff is entitled to judgment on its claims. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).

**III.   Analysis**

**A.   Breach of Contract**

Plaintiff moves for summary judgment on its claim of breach of contract against Recover Care. To state a claim for breach of contract under Kansas law, a plaintiff must show: (1) the existence of a contract; (2) sufficient consideration; (3) the plaintiff's performance or willingness to perform; (4) breach of the contract; and (5) damages caused by the breach. *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083, 1098 (2013).

Here, the undisputed facts show that there was a contract between Plaintiff and Recover Care to provide clinical services. Plaintiff performed under the contract and provided those services. Recover Care initially performed under the contract by paying Plaintiff for the services it provided at both health care facilities. Recover Care, however, failed to pay for the services it contracted for at both facilities after certain dates. Recover Care has not paid the invoices for

services under the contract provided at Orchard Valley between August 15, 2022, and October 31, 2022. (Docs. 31-2 ¶ 9; 31-3 ¶¶ 10, 11; 31-4.) With respect to Creekside, Recover Care has not paid for the services provided from November 13, 2022 to January 29, 2023. (Doc. 31-3 ¶ 9.) Therefore, Recover Care is in breach of the contract as the contract provides that payment is to be made within 30 days of the invoice. (Doc. 31-1 at 4.) Plaintiff has suffered damages in the amount of $123,496.16 for the unpaid invoices. The court finds that Plaintiff is entitled to judgment for that amount.

Plaintiff also seeks prejudgment interest in the amount of $68,204.74. (Doc. 31 at 4.) Plaintiff has offered a declaration stating that this is the amount of calculated interest due based on the contractual rate. (Doc. 31-3 ¶ 13.) As the motion is unopposed and supported by a declaration, the court grants the motion for prejudgment interest as to Plaintiff's claim against Recover Care.

**B. Unjust Enrichment**

Plaintiff also moves for summary judgment on its claim of unjust enrichment against all Defendants. At the outset, however, the court must deny this motion as to Defendant Recover Care. A party may not recover under quantum meruit or unjust enrichment when a contract controls the parties' relationship. *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 255 F. Supp. 3d 1150, 1175 (D. Kan. 2017). Therefore, the motion is denied as to Recover Care.

With respect to Orchard Valley and Creekside, the parties did not have a contract. The Kansas Supreme Court has explained "[u]njust enrichment is a modern version of the older doctrine of quasi-contract." *Corvias Military Living, LLC v. Ventamatic, Ltd.*, 310 Kan. 824, 833, 450 P.3d 797, 804 (2019). "The basis of an unjust enrichment claim lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to that person." *Id.* (citation modified). "Like a contract claim, a quasi-contract arises

4

when one party has conferred a benefit to the other without just compensation. Rather than granting the aggrieved party relief under a contractual obligation, unjust enrichment awards compensation out of justice and equity." *Id.*

The elements of a claim based on a theory of unjust enrichment are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 177, 910 P.2d 839 (1996). Based on the undisputed facts, the court finds that Plaintiff has established that it conferred a benefit on both Orchard Valley and Creekside in the form of clinical services at their facilities. Both Orchard Valley and Creekside had knowledge of these benefits and received these benefits. Both Defendants also continued to accept the clinical services provided by Plaintiff after the bills were not paid for by Recover Care. The court finds that Plaintiff is entitled to judgment against Orchard Valley and Creekside for the amounts due for the services provided to these Defendants.

Plaintiff also requests that Orchard Valley and Creekside be jointly and severally liable to Plaintiff on the amount of interest owed under the contract. Plaintiff fails to provide any authority as to why these entities would be liable for prejudgment interest on a claim of unjust enrichment. Plaintiff also fails to identify the prejudgment interest that is owed for each separate facility's unpaid invoices. Therefore, at this time, Plaintiff's motion is denied as to its request that Orchard Valley and Creekside be jointly and severally liable to Plaintiff on prejudgment interest. Plaintiff may either file a supplemental unopposed motion for summary judgment or request an evidentiary hearing on or before October 20, 2025.

### C. Attorney's Fees

Plaintiff also moves for summary judgment on its claim for attorney's fees under the contract. Federal Rule of Civil Procedure 54(d)(2) provides that a motion for attorney's fees is to be made fourteen days after judgment. Judgment has not yet been entered in this case. Further, to award a party attorney's fees under Kansas law, the court must determine whether the requested fee amount is reasonable after considering several factors. *See Kan. Penn Gaming, LLC v. HV Props. of Kan., LLC*, 790 F. Supp. 2d 1307, 1311 (D. Kan.), *aff'd*, 662 F.3d 1275 (10th Cir. 2011). This requires the consideration of the hourly rate and hours billed. None of this information has been provided to the court.

Therefore, the motion is denied with respect to the request for attorney's fees. Plaintiff may file a motion pursuant to Rule 54 after judgment is entered. Plaintiff must also include an affidavit from which the court can make findings regarding the reasonableness of the fees.

## IV. Conclusion

Plaintiff's motion for summary judgment (Doc. 30) is GRANTED IN PART and DENIED IN PART. Plaintiff is granted judgment against Recover Care on its breach of contract claim in the amount of $123,496.16 for unpaid invoices and $68,204.74 in prejudgment interest. Plaintiff is granted judgment against Orchard Valley and Creekside on its claim of unjust enrichment. As a result, Orchard Valley is jointly and severally liable with Recover Care to Plaintiff in the amount of $61,695.06. Creekside is jointly and severally liable with Recover Care to Plaintiff in the amount of $61,801.10. Plaintiff's motion for order (Doc. 41) seeking expedited ruling on the summary judgment motion is GRANTED.

With respect to liability on prejudgment interest for Orchard Valley and Creekside, Plaintiff may either file a supplemental unopposed motion for summary judgment as to the amount

of prejudgment interest or request an evidentiary hearing on or before October 24, 2025.  Should Plaintiff decline to do so, the court will enter judgment as to the sums set forth herein.  In light of the court's ruling, Plaintiff's unjust enrichment claim against Recover Care is dismissed as moot.  Plaintiff may move for attorney's fees pursuant to Rule 54 after judgment is entered.

IT IS SO ORDERED.  Dated this 17th day of October, 2025.

                                                                     __s/ John W. Broomes_____
                                                                     JOHN W. BROOMES
                                                                     CHIEF UNITED STATES DISTRICT JUDGE